[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14822
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00029-ACC-PRL


ANTHONY T. BARRIOS,
Individually,

                                                        Plaintiff - Appellant,

versus

REGIONS BANK,
d.b.a. Regions Mortgage,

                                                        Defendant - Appellee,

ANY AND ALL UNKNOWN PARTIES,
claiming by, through under and against the herein named individual who are
not known to be dead or alive, whether said unknown parties may claim an
interest as spouses, heirs, devisees, grantees or other claimants, et al.,

                                                        Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 21, 2014)

Before ROSENBAUM, ANDERSON and COX, Circuit Judges.

PER CURIAM:

The Plaintiff Anthony Barrios challenges on appeal the district court's order granting Region Bank's motion for sanctions.[1]  Barrios filed this diversity case asserting a quiet title action under Florida law.  Throughout the litigation, the district court repeatedly observed that the allegations presented in the complaint were frivolous and that Barrios's counsel's performance fell "woefully below the level of practice expected before this or any Court."  (R. 31 at 3; R. 36 at 1–2; R. 40 at 2; R. 46 at 3; R. 52 at 2.)  Despite these observations, Barrios continued to litigate the case.  At one point in the litigation, the district court found that Barrios's counsel asserted an unfounded "serious medical emergency" in order to justify an emergency motion for extension of time.  (R. 52 at 10–11.)

As a result of these events, Regions Bank filed a motion for sanctions under Fed. R. Civ. P. 11.  (R. 47.)  Barrios did not file a response to the motion.  The

_____

[1] Although not entirely clear, some parts of Barrios's brief seem to challenge the district court's order dismissing the action.  However, Barrios's notice of appeal only appeals from the "[o]rder adopting and confirming the Report and Recommendations approving sanctions in favor of Defendants Regions Bank."  And, Barrios has appealed the district court's judgment dismissing the action in a separate appeal: *Barrios v. Regions Bank*, 11th Cir. No. 13-13100.

2

district court referred the motion to a magistrate judge. (R. 50.) The magistrate judge issued a report and recommendation recounting in detail the history of the litigation. (R. 52.) The report and recommendation concluded that sanctions were appropriate, but reduced the requested amount from $25,803.44 to $14,892.62. (*Id.*) After receiving no objections, the district court adopted the report and recommendation and directed the clerk to enter a $14,892.62 judgment jointly against Barrios and his attorney.[2] (R. 55.)

We review a district court's order of sanctions under Rule 11 for an abuse of discretion. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

On appeal, Barrios contends that sanctions were improper because his claim was not frivolous and because sanctions were procedurally improper under Florida state law. However, Barrios has waived these arguments by failing to present them in response to the motion for sanctions. To preserve an argument for appeal, the argument must have been raised at the trial court if the party had an opportunity to do so. *Iraola & CIA, SA v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284–85 ("Failure to raise an issue, objection or theory of relief in the first instance to the trial court generally is fatal. It is the general rule, of course, that a federal appellate

---

[2] Barrios did file one document between the filing of the magistrate judge's report and recommendation and the district court's order adopting the report and recommendation. The district court ordered this document stricken. Barrios does not contend that the district court erred by striking this document.

court does not consider an issue not passed upon below." (quotations omitted)). Accordingly, the district court did not abuse its discretion by granting Regions Bank's motion for sanctions.

**AFFIRMED.**